UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-00185-GNS

WILLIE COLEMAN SLAPPY                                          PLAINTIFF

v.

CHAD FRIZZELL, et al.                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss or, in the Alternative, to Compel for Plaintiff's Failure to Cooperate in Discovery. (Defs.' Mot. to Dismiss or, in the Alternative, to Compel for Pl.'s Failure to Cooperate in Disc., DN 16 [hereinafter Defs.' Mot. to Dismiss or Compel]). This motion is ripe for a decision, and for the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion.

### I. BACKGROUND

Plaintiff Willie Coleman Slappy ("Slappy") filed his Complaint on October 1, 2014, alleging violations of 42 U.S.C. § 1983. (Compl., DN 1). Slappy named as defendants: (1) Chad Frizzell ("Frizzell"), the Hickman County Jailer; (2) Amy Roell ("Roell"), a member of the medical staff at the Hickman County Detention Center ("HCDC"); (3) Jeff Rodgers ("Rodgers"), a lieutenant at HCDC, and; (4) HCDC itself. (Compl. 1-2). On January 16, 2015, the Court ordered that: (1) all claims against the individual defendants in their official capacities be dismissed; (2) one individual-capacity claim each against Roell and Rodgers be dismissed, and (3) that Frizzell and the HCDC be stricken as defendants. (Mem. Op. & Order, DN 9).

The Court also entered a Scheduling Order on January 16, 2015, ordering that all pretrial discovery be completed no later than May 12, 2015. (Scheduling Order 2, DN 10). The Court

noted that the Scheduling Order did "not override a party's responsibility to timely and completely respond to any discovery requests made pursuant to Federal Rules of Civil Procedure 33, 34, and 36." (Scheduling Order 2).

On May 8, 2015, Roell and Rodgers ("Defendants") filed their Motion to Dismiss or, in the Alternative, to Compel for Plaintiff's Failure to Cooperate in Discovery, stating that Slappy has not responded to properly propounded interrogatories and requests for production and that he failed to attend his properly noticed deposition. (Defs.' Mot. to Dismiss or Compel 1-2). Slappy did not file a timely response. Accordingly, this motion is ripe for ruling.

## II. JURISDICTION

Slappy's claims arise pursuant to 42 U.S.C. § 1983, a federal law. This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## III. DISCUSSION

Joint Local Rule of Civil Procedure 37.1 requires that counsel "make a good faith effort to resolve extrajudicially any dispute relating to discovery." LR 37.1. Local Rule 37.1 also requires that the moving party attach to every such motion a certification that counsel have conferred and are unable to resolve their differences and that the certification detail the attempts to resolve the dispute. LR 37.1. While Defendants have not made the required certification, they have attached a letter dated April 3, 2015, addressed to Slappy, which requests that Slappy contact defense counsel in order to resolve one discovery dispute (interrogatories and requests for production) and prevent another (Slappy's deposition). (Defs.' Mot. to Dismiss or Compel Ex. B, DN 16-2). Defendants state that Slappy did not respond to the April 3, 2015 letter. (Defs.' Mot. to

Dismiss or Compel 2). In light of Defendants' attempt to confer and Slappy's silence in response, the Court will consider the requirements of Local Rule 37.1 to be met.

Federal Rule of Civil Procedure 33(b)(2) dictates that answers to interrogatories, along with any objections to the interrogatories, must be served on the propounding party within 30 days, absent a stipulation to another time period pursuant to Federal Rule of Civil Procedure 29. Fed. R. Civ. P. 33(b)(2). Federal Rule of Civil Procedure 34(b)(2)(A) sets an identical time to respond for requests for production of documents. Fed. R. Civ. P. 34(b)(2)(A).

Defendants state that Slappy was hand-delivered Defendants' Interrogatories and Requests for Production of Documents on February 26, 2015. (Defs.' Mot. to Dismiss or Compel 1). Defendants have not, however, attached any evidence that Slappy was served the interrogatories and requests for production. This is particularly relevant in light of a letter that the Court received from Slappy postmarked March 4, 2015, six days later, alerting the Court that he had been released from HCDC and that his address had changed. (Notice of Change of Address, DN 15).

Defendants certified on April 24, 2015, that the notice of his deposition was served on Slappy via certified first class mail to the address on file with the Court. (Defs.' Mot. to Dismiss or Compel Ex. C, DN 16-3). Defendants include with their motion a certified mail receipt signed by Slappy on April 27, 2015. (Defs.' Mot. to Dismiss or Compel Ex. D, DN 16-4). Slappy was thus properly served with the notice for his deposition and nonetheless failed to attend.

Federal Rule of Civil Procedure 37(d)(1)(A)(i) provides that a court may order sanctions against a party who fails to appear at his own deposition. Fed. R. Civ. P. 37. These sanctions may include the sanctions authorized in subsection (b)(2)(A)(i)-(vi) of Rule 37, including dismissal of the case in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(3).

One of the factors considered by the Sixth Circuit in assessing the appropriateness of a district court's decision to dismiss a complaint is "whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault . . . ." *Wittman v. Wilson*, 95 F. App'x 752, 754 (6th Cir. 2004) (citation omitted). "Pre-dismissal warning of the sanction is pivotal to the determination of willfulness." *Id.* (citation omitted). While Slappy has been previously been warned that failure to comply with discovery could result in dismissal of this action (Scheduling Order 3), the Court finds that dismissal is not an appropriate remedy at this time.

There is no requirement that a court extend the latitude that *pro se* litigants receive in matters of pleading to matters of procedure. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Dismissal at the first instance of noncompliance made by a *pro se* litigant strikes the Court as draconian, however, and not an appropriate response to a first infraction.[1]

Federal Rule of Civil Procedure 37(a)(1) states that a party may move for an order compelling discovery. Fed. R. Civ. P. 37(a)(1). The requirements of such a motion are identical to those required by Local Rule 37.1, which the Court has already found to be satisfied. *Compare* Fed. R. Civ. P. 37(a)(1), *with* LR 37.1. Accordingly, an order compelling Slappy to participate in discovery is warranted.

## IV. CONCLUSION

For the forgoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss or, in the Alternative, to Compel for Plaintiff's Failure to Cooperate in Discovery, (DN

---

[1] *See generally Braton v. Nat'l R.R. Passenger Corp., Inc.*, 66 F.3d 325 (6th Cir. 1995) (dismissal following *pro se* plaintiff's repeated refusal to comply with discovery requests and prepare for the court's Case Management Conference); *Jourdan*, 951 F.2d 108 (dismissal after *pro se* plaintiff received two discovery deadline extensions, failed to file any discovery requests with the court during that time, and failed to file a pretrial statement).

4

16) is **GRANTED IN PART**. To the extent that Defendants' Motion seeks dismissal of this action, it is **DENIED IN PART**.

Slappy **SHALL** comply with the January 16, 2015, Scheduling Order as amended below. Compliance includes, but is not limited to, timely responding to discovery sought pursuant to Federal Rules of Civil Procedure 33-34 and appearing for noticed depositions. Slappy is **WARNED** that failure to comply with this or any subsequent order of the Court **MAY RESULT IN DISMISSAL OF THIS CASE**.

The Scheduling Order of January 16, 2015, remains in effect with the following amendments:

1. The parties **SHALL** complete all pretrial discovery herein no later than **Friday, September 25, 2015.**

2. No later than **October 22, 2015**, Plaintiff **SHALL** file a pretrial memorandum setting forth in detail all facts upon which he bases his claim in this matter against each Defendant.

3. No later than **November 26, 2015**, Defendants **SHALL** file a pretrial memorandum. In lieu thereof, or if Plaintiff fails to file the required pretrial memorandum, Defendants may file any dispositive motions, including motions for summary judgment pursuant to Federal Rule of Civil Procedure 56.

4. Either party may file dispositive motions at any time after providing the discovery required above or after providing sufficient reason why discovery is unnecessary for resolution of the pending motion. All dispositive and *Daubert* motions **SHALL** be filed no later than **November 26, 2015**.

Any objection to these alterations **SHALL** be filed within 14 days of the entry of this Memorandum Opinion and Order.

**Greg N. Stivers, Judge**
**United States District Court**

July 1, 2015

cc: counsel of record
Plaintiff, *pro se*