UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-00185-GNS

WILLIE COLEMAN SLAPPY          PLAINTIFF

v.

AMY ROELL; and
JEFF RODGERS          DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Willie Coleman Slappy ("Slappy") filed this *pro se* action under 42 U.S.C. § 1983 proceeding *in forma pauperis*. At the time of filing the Complaint, Plaintiff was a prisoner at the Hickman County Detention Center but has since been released.

In accordance with 28 U.S.C. § 1915A, the Court conducted an initial review of the Complaint. On January 16, 2015, the Court entered a Memorandum and Scheduling Order allowing certain claims asserted by Plaintiff (i.e., the individual-capacity Eighth Amendment claims against Defendants Amy Roell and Jeff Rodgers) to proceed past initial screening, directing service of the Complaint on those Defendants, and setting forth pre-trial deadlines. (Mem. Op. & Order, DN 9; Scheduling Order, DN 10). Subsequently, on May 8, 2015, Defendants filed the Motion to Dismiss or, in the alternative, Motion to Compel. (Defs.' Mot. to Dismiss, DN 16). While Slappy did not respond, the Court denied the motion to dismiss but granted the motion to compel and directed Plaintiff to comply with discovery deadlines imposed by the Court. (Mem. Op. & Order 2-6, DN 17).

On October 20, 2015, Defendants filed the Motion to Dismiss and/or Summary Judgment. (Defs.' Mot. to Dismiss and/or for Summ. J., DN 21). On November 24, 2015, Defendants filed the Motion for Summary Judgment. (Defs.' Mot. for Summ. J., DN 22).

Plaintiff has taken no action in this case since the Court entered its Scheduling Order, other than filing a non-prisoner motion to proceed *in forma pauperis* on October 1, 2014, and his notification of change of address on March 9, 2015. Therefore, on December 9, 2015, the Court entered an Order directing Plaintiff to show cause within twenty-one day as to why the Court should not rule on the pending dispositive motions and that the case should not be dismissed for his failure to prosecute and comply with the Court's orders. (Order, DN 23). Slappy did not respond to that order or the pending motions.

Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (internal citation omitted) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant

because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the Court's Orders shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

**Greg N. Stivers, Judge**
**United States District Court**
June 23, 2016

cc: Plaintiff, *pro se*
      counsel of record